UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL W. GRIMES,<br><br>    Plaintiff,<br><br>  v.<br><br>MEYERS, et al.,<br><br>    Defendants. | No.  2:15-cv-0530 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff also seeks a preliminary injunction.  ECF No. 6.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.    <u>Application to Proceed In Forma Pauperis and Filing Fee</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.§ 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III.     Complaint

Plaintiff alleges that he is "endorsed to Corcoran SNY-EOP facility and [he] do[es] not want to go there since it is a dangerous prison."  ECF NO. 1 at 3.  He claims that he fears being victimized if he is sent there, or anywhere in the general population, because he has acquired a lot of enemies in his sixteen years of incarceration, he does not know where many of his enemies are housed, and his "small stature causes other inmates to target [him]."  Id.  He seeks an order preventing his transfer to Corcoran SNY-EOP and requiring he be housed in a protective housing unit at Corcoran until he is paroled in October 2015.  Id.

IV.     Failure to State a Claim

Plaintiff alleges his impending transfer to another prison puts his safety in danger. Prisoners have no liberty interest in avoiding being transferred to another prison.  Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir.1995) (per curiam).  However, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks and citation omitted).  To establish a violation of this duty, the prisoner must show first, that he was incarcerated under conditions posing a substantial risk of serious harm; and second, that a prison official knew of and was deliberately indifferent to this risk.  Id. at 834.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Id. at 835.

Plaintiff's general fear of other inmates is insufficient to allege a substantial risk of serious harm.  "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a

3

1  sufficiently substantial risk of serious harm to [an inmate's] future health." Williams v. Wood,
2  223 Fed. Appx. 670, 671 (9th Cir. 2007) (citing Farmer, 511 U.S. at 843).  Even if plaintiff's
3  claims were sufficient to establish a substantial risk of harm, he has failed to allege that either
4  defendant knew anything about the alleged risk to his safety.  Plaintiff has failed to allege facts
5  sufficient to state a claim against defendants, and the complaint will be dismissed with leave to
6  amend.

   Plaintiff is advised that in order to state a claim, he must allege facts sufficient to show
that the transfer will create a substantial risk of serious harm and that the defendants were aware
of the risk to plaintiff's safety.

V.    Leave to Amend

   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved. Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   Motion for Preliminary Injunction

   On April 5, 2015, plaintiff filed a motion for preliminary injunction in which he seeks a

1 court order to prevent any transfer to a sensitive needs yard or EOP facility at Corcoran State
2 Prison and to require that he remain housed at a psychiatric secured unit or protective housing
3 unit until his release in October 2015.  ECF No. 6.

4     In order for the court to be able to grant a motion for preliminary injunction, the moving
5 party must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to suffer
6 irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor;
7 and (4) that the relief sought is in the public interest.  Winter v. Natural Res. Def. Council, Inc.,
8 555 U.S. 7, 20 (2008).  The Ninth Circuit has held that injunctive relief may issue, even if the
9 moving party cannot show a likelihood of success on the merits, if "serious questions going to the
10 merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a
11 preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable
12 injury and that the injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell,
13 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted).  Under either formulation of the
14 principles, preliminary injunctive relief should be denied if the probability of success on the
15 merits is low.  See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir.
16 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be
17 shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting
18 Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

19     The court cannot, at this juncture, determine whether plaintiff is likely to succeed on the
20 merits.  Moreover, plaintiff must do more than allege imminent harm; he must also demonstrate
21 immediate threatened injury.  Caribbean Marine Serv. v. Baldridge, 844 F.2d 668, 674 (9th Cir.
22 1988).  In other words, a plaintiff must show a real or immediate threat; a likelihood of substantial
23 and immediate irreparable injury.  Gomez v. Vernon, 255 F.3d 1118, 1129 (9th Cir. 2001)
24 (quotation and citation omitted).  "Speculative injury does not constitute irreparable injury
25 sufficient to warrant granting a preliminary injunction."  Carribean Marine Serv., 844 F.3d at 674
26 (quoting Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)).

27     In his motion for injunction, plaintiff claims that he is in danger because of a 1987 rape
28 conviction.  ECF No. 6 at 2.  Plaintiff alleges that this conviction causes trouble with other

1  prisoners and the "heated malice against him could cause him to get assaulted." Id.  However,
2  plaintiff fails to identify any specific threats to his safety and instead cites only a generalized fear
3  of other inmates. Id.  It is unclear how his allegations of police misconduct and prosecutorial bias
4  (id. at 3-4) relate to his request to be housed at a particular type of prison unit.  Plaintiff has not
5  alleged a real and immediate threatened injury or irreparable injury; he has only alleged
6  speculative injury based on a general fear of other inmates.  Because plaintiff has not made
7  sufficient allegations in support of his request for preliminary injunction, the court will
8  recommend his motion be denied.
9        In accordance with the above, IT IS HEREBY ORDERED that:
10       1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
11       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
12 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
13 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
14 Director of the California Department of Corrections and Rehabilitation filed concurrently
15 herewith.
16       3. Plaintiff's complaint is dismissed.
17       4. Within thirty days from the date of this order, plaintiff shall submit an original and one
18 copy of the Amended Complaint.  Plaintiff's amended complaint shall comply with the
19 requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of
20 Practice.  The amended complaint must also bear the docket number assigned to this case and
21 must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance
22 with this order will result in a recommendation that this action be dismissed.
23       IT IS FURTHER RECOMMENDED that plaintiff's motion for preliminary injunction
24 (ECF No. 6) be denied.
25       These findings and recommendations are submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
27 after being served with these findings and recommendations, any party may file written
28 objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 1, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE